# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TRACY G.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | No. 23-CV-4065-CJW-KEM <br><br> **REPORT AND RECOMMENDATION** |

_____

Plaintiff Tracy G. seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(f). Plaintiff argues that the administrative law judge (ALJ) erred in failing to adopt a limitation to one-and-two-step tasks (reasoning level 1 work), as found by the state agency consultants. I recommend **affirming** the ALJ's decision.

## I. BACKGROUND

Plaintiff (born in 1965) took special-education classes in school and left in the ninth grade; she ultimately obtained a GED.[2] AR 486.[3] Treatment records reflect a history of borderline intellectual functioning. AR 454. From 2006 to 2016, she worked

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

[2] General Educational Development diploma.

[3] "AR" refers to the administrative record (Docs. 9-2 to 9-9).

full-time as a dishwasher, first at one restaurant, then at another. AR 46, 238, 243. From 2016 to August 2019, she worked thirty hours a week as a dishwasher at a third restaurant (her earnings did not amount to substantial gainful activity). *Id.* That job ended when the restaurant closed. AR 242, 503. Plaintiff received unemployment for a while. AR 516.

Plaintiff filed the current applications for DI and SSI benefits on August 20, 2021, alleging disability since that date. AR 76. She reported being unable to work due to a lung breathing problem, which worsened in August 2020, as well as mental-health issues. AR 238, 257. The Social Security Administration denied her request for benefits on initial review in February 2022 and on reconsideration in April 2022. AR 75-120. In connection with those reviews, state agency psychological consultants Sarah Fetter, Ph.D., and Jonathan Brandon, Ph.D., reviewed the evidence of record and opined Plaintiff was "capable of performing simple, repetitive (1-2) step tasks, if she can work independent of others as needed." AR 82-84, 105-107.

Sometime in the first quarter of 2022, Plaintiff began working part-time as a dishwasher again. AR 36, 58-61, 69, 597, 629. In the summer busy season, she worked in the morning, then returned for the dinner shift, working around thirty-two hours a week. *Id.* She later reduced her hours. *Id.*

Plaintiff requested further review of the Social Security Administration's denial, and the ALJ held a telephonic administrative hearing on January 5, 2023. AR 52-54. Both Plaintiff and a vocational expert (VE) testified at the hearing. *Id.* At the time of the hearing, Plaintiff still worked as a dishwasher but only for four-hour shifts on weekends (eight hours a week). AR 36, 61, 66-67.

The ALJ issued a written opinion on January 30, 2023, following the five-step process outlined in the regulations[4] to determine whether Plaintiff was disabled during

---

[4] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant

the relevant time period. AR 34-47. At step one, the ALJ found that Plaintiff's earnings as a dishwasher amounted to substantial gainful activity from June to September 2022, when she had worked thirty-two hours a week. AR 36. Because "[t]here ha[d] been a continuous 12-month period[] during which the claimant did not engage in substantial gainful activity," however, the ALJ went on to address the time outside of summer 2022. *Id.* The ALJ found Plaintiff suffered from severe impairments, including depression, anxiety, and post-traumatic stress disorder (as well as physical impairments). AR 37. To aid in steps four and five, the ALJ determined Plaintiff's residual functional capacity (RFC),[5] finding Plaintiff could work with the following mental limitations:

> She has limitations in psychological functioning, limiting her to work involving simple, routine, and repetitive instructions of 2-3 steps, with little change in routine or setting. Additionally, she can tolerate only brief, superficial and occasional contact with the public, and no more than frequent contact with coworkers and supervisors.

AR 40-41. Relying on VE testimony, the ALJ found Plaintiff could perform her past work as a dishwasher, called a kitchen helper in the Dictionary of Occupational Titles (DOT). AR 46. Thus, the ALJ found Plaintiff not disabled from August 20, 2021, through January 30, 2023. AR 47.

The Appeals Council denied Plaintiff's request for review on August 29, 2023 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[6] The Appeals Council granted Plaintiff's request for an extension to file her complaint in federal court, giving Plaintiff thirty days from the receipt of its letter

---

from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." **Grindley v. Kijakazi**, 9 F.4th 622, 628 (8th Cir. 2021) (quoting **Goff v. Barnhart**, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **§§ 404.1520(a)(4), 416.920**. The claimant bears the burden of persuasion to prove disability. **Goff**, 421 F.3d at 790.

[5] RFC means "the most that a claimant can do despite her limitations." **Sloan v. Saul**, 933 F.3d 946, 949 (8th Cir. 2019).

[6] *See* **20 C.F.R. §§ 404.981, 416.1481**.

dated December 2, 2023. AR 7, 14-16, 23. Plaintiff filed a timely complaint in this court on December 28, 2023 (Docs. 1, 6).[7] The parties briefed the issues (Docs. 11, 13) and the Honorable C.J. Williams, Chief District Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

## II. DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[8] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[9] The court "do[es] not reweigh the evidence or review the factual record de novo."[10] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[11]

Plaintiff argues that the ALJ erred in failing to adopt the limitation to one-and-two-step tasks found by Drs. Fetter and Brandon, the state agency consultants. Instead, the ALJ limited Plaintiff to "simple, routine, and repetitive" work with "2-3 steps" and "little change in routine or setting." AR 40-41. As Plaintiff notes, Dr. Fetter's and Dr. Brandon's limitation to one-and-two-step tasks would limit her to jobs the DOT defines as reasoning development level 1.[12] Her dishwashing job, however—which is the work

---

[7] *See* **20 C.F.R. § 422.210(c)**.

[8] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

[9] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[10] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

[11] *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

[12] **DOT, App. C** (defining reasoning development level one jobs as requiring the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job").

the ALJ found she could perform—is a reasoning development level 2 job, which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations."[13] The Eighth Circuit has reasoned "uninvolved" means "not complicated or intricate," and therefore, reasoning level 2 jobs are consistent with work involving "'simple job instructions' for 'simple, routine and repetitive work activity.'"[14]

The ALJ summarized Dr. Fetter's and Dr. Brandon's opinions and stated they were "persuasive and supported by the medical signs, symptoms, and findings at the time of their determinations" (in February and April 2022) and "consistent with the record as a whole." AR 45-46. The ALJ concluded, however, that "taking into consideration any new evidence related to the claimant's mental health treatment" (from March to September 2022) "and her hearing testimony," she "can perform jobs involving simple, routine and repetitive type instructions of 2-3 steps." AR 46, 598-634. Earlier in the opinion, the ALJ noted that although Plaintiff testified she could not work more hours as a dishwasher, "she has worked increased hours at [the substantial gainful activity] level since starting the job" (in the summer of 2022), "tending to denote she may have more [RFC] for work." AR 42.

Plaintiff argues that the ALJ failed to adequately explain the supportability and consistency of Dr. Fetter's and Dr. Brandon's opinions. The regulations require the ALJ to "evaluate[s] the persuasiveness of medical opinions" considering the following factors: (1) supportability, i.e., "the objective medical evidence and supporting explanations presented by a medical source" in support of his or her opinion; (2) consistency with

---

[13] AR 46; **DOT § 318.687-010 & App. C**.

[14] ***Moore v. Astrue***, 623 F.3d 599, 604 (8th Cir. 2010); *see also* ***Buckwalter v. Acting Comm'r of Soc. Sec.***, 5 F.4th 1315, 1323 (11th Cir. 2021) (holding that "[t]he primary difference between [reasoning development] levels one and two is the *length* of the instructions—not the complexity"—since "simple" and "uninvolved" mean the same thing).

"evidence from other medical sources and nonmedical sources"; (3) the relationship between the opinion's author and the claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements."[15] The first two factors, supportability and consistency, are the most important.[16] The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors."[17]

Plaintiff argues that the ALJ needed to explicitly state why the ALJ rejected the one-to-two-step-tasks limitation. But the Eighth Circuit has held "the ALJ is not required to 'explicitly reconcile every conflicting shred' of medical evidence."[18] Here, the ALJ's reasoning is apparent from the ALJ's opinion as a whole. The state agency consultants formulated their opinion before there was evidence in the record that Plaintiff had obtained a part-time dishwashing job and that her hours amounted to substantial gainful activity in summer 2022. The dishwashing job required Plaintiff to follow simple instructions, but more than one-to-two-step tasks. Substantial evidence supports the

---

[15] **20 C.F.R. §§ 404.1520c(a), (c), 416.920c(a), (c)**.

[16] **20 C.F.R. §§ 404.1520c(a), 416.920c(a)**.

[17] **20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2)**.

[18] *Austin v. Kijakazi*, 52 F.4th 723, 729-30 (8th Cir. 2022) (cleaned up) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)) (when ALJ found persuasive opinion that claimant could "sustain a reasonable degree of cognitive efficiency" but would have "difficulty coping efficiently" in "situations of mild to moderate stress," rejecting argument that ALJ ignored "the latter part of" this opinion, since an ALJ may "accept some, but not all, of a medical opinion"; an ALJ need not explicitly resolve every conflicting piece of evidence; the medical opinion as a whole emphasized the claimant's ability to function despite her limitations; and the ALJ explained the first part of the opinion was "supported by a mental status examination and . . . consistent with [claimant's] visits with her primary care doctor, which do not indicate prominent cognitive or social deficits").

ALJ's finding that Plaintiff could perform reasoning-level-two work, because she did so, and the treatment records do not reflect "any mental deterioration" since that time.[19]

The cases relied upon by Plaintiff are distinguishable. They involve the ALJ giving a reason unsupported by substantial evidence for discounting a medical opinion,[20] or the complete failure of the ALJ to acknowledge differences between the ALJ's RFC and a medical opinion the ALJ found persuasive.[21]

I recommend finding that the ALJ did not err in evaluating Dr. Fetter's and Dr. Brandon's opinion and that substantial evidence supports the ALJ's conclusion that Plaintiff could perform her past work as a dishwasher.

---

[19] *Cf.* **Hillier v. Soc. Sec. Admin.**, 486 F.3d 359, 367 (8th Cir. 2007) (holding that although "[i]n the abstract, tension exists between" working as a cashier, a reasoning development level 3 job, and claimant's RFC of "only being able to understand, remember, and follow simple, concrete instructions," holding that substantial evidence supported ALJ's conclusion that claimant could perform past work as a cashier, since claimant had worked as a cashier twice in the past and had not suffered "any mental deterioration" since then).

[20] *See* **Lucus v. Saul**, 960 F.3d 1066, 1069 (8th Cir. 2020) (holding that ALJ did not give "good reasons" under old regulations for discounting treating source opinion when the ALJ stated the opinion "was internally inconsistent . . . . without explaining" how; and the ALJ stated the opinion was inconsistent with the record as a whole but "cited only to statements from [the doctor], confusingly combined conclusions from the mental RFC form with one reference to [the doctor's] treatment notes, and left out important context"); **Eric J. G. v. Saul**, No. CV 20-91-M-KLD, 2021 WL 1186972, at *3, *6, *9-10 (D. Mont. Mar. 30, 2021) (ALJ discounted medical opinions as inconsistent with claimant's work history from five years prior, without recognizing claimant's traumatic brain injury caused cognitive decompensation as time went on); **Mark M. M. v. Saul**, No. CV 19-107-M-KLD, 2020 WL 2079288, at *5-6 (D. Mont. Apr. 29, 2020) (ALJ discounted medical opinion based on claimant's activities of daily living without acknowledging the "context" of those "largely intermittent activities"; and based on treatment records showing a normal gait and once, "5/5 muscle strength in all four quadrants," which had no connection to claimant's "upper extremity limitations" found by the doctor but not adopted by the ALJ).

[21] *See* **Cook v. Kijakazi**, No. 3:22-CV-05023-WJE, 2022 WL 4117028, at *3-4 (W.D. Mo. Sept. 9, 2022); **Masden v. Saul**, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021).

### III. CONCLUSION

I recommend **affirming** the Commissioner's decision and entering judgment in favor of the Commissioner.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[22] Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[23]

**DATED** November 27, 2024.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[22] **Fed. R. Civ. P. 72**.

[23] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).