# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TRACY G.,[1] | No. 23-CV-4065-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| CAROLYN COLVIN, Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This case is before the Court on a November 27, 2024 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends the Court affirm the Administrative Law Judge's ("ALJ") decision. Neither party has objected to the R&R. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . .." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*,

607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

3

*Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case.

> Plaintiff (born in 1965) took special-education classes in school and left in the ninth grade; she ultimately obtained a GED. AR 486. Treatment records reflect a history of borderline intellectual functioning. AR 454. From 2006 to 2016, she worked full-time as a dishwasher, first at one restaurant, then at another. AR 46, 238, 243. From 2016 to August 2019, she worked thirty hours a week as a dishwasher at a third restaurant (her earnings did not amount to substantial gainful activity). *Id*. That job ended when the restaurant closed. AR 242, 503. Plaintiff received unemployment for a while. AR 516.
>
> Plaintiff filed the current applications for DI and SSI benefits on August 20, 2021, alleging disability since that date. AR 76. She reported being unable to work due to a lung breathing problem, which worsened in August 2020, as well as mental-health issues. AR 238, 257. The Social Security Administration denied her request for benefits on initial review in February 2022 and on reconsideration in April 2022. AR 75-120. In connection with those reviews, state agency psychological consultants Sarah Fetter, Ph.D., and Jonathan Brandon, Ph.D., reviewed the evidence of record and opined Plaintiff was "capable of performing simple, repetitive (1-2) step tasks, if she can work independent of others as needed." AR 82-84, 105-107.

Sometime in the first quarter of 2022, Plaintiff began working part-time as a dishwasher again. AR 36, 58-61, 69, 597, 629. In the summer busy season, she worked in the morning, then returned for the dinner shift, working around thirty-two hours a week. *Id*. She later reduced her hours. *Id*.

Plaintiff requested further review of the Social Security Administration's denial, and the ALJ held a telephonic administrative hearing on January 5, 2023. AR 52-54. Both Plaintiff and a vocational expert (VE) testified at the hearing. *Id*. At the time of the hearing, Plaintiff still worked as a dishwasher but only for four-hour shifts on weekends (eight hours a week). AR 36, 61, 66-67.

The ALJ issued a written opinion on January 30, 2023, following the five-step process outlined in the regulations to determine whether Plaintiff was disabled during the relevant time period. AR 34-47. At step one, the ALJ found that Plaintiff's earnings as a dishwasher amounted to substantial gainful activity from June to September 2022, when she had worked thirty-two hours a week. AR 36. Because "[t]here ha[d] been a continuous 12-month period[ ] during which the claimant did not engage in substantial gainful activity," however, the ALJ went on to address the time outside of summer 2022. *Id*. The ALJ found Plaintiff suffered from severe impairments, including depression, anxiety, and post-traumatic stress disorder (as well as physical impairments). AR 37. To aid in steps four and five, the ALJ determined Plaintiff's residual functional capacity (RFC), finding Plaintiff could work with the following mental limitations:

> She has limitations in psychological functioning, limiting her to work involving simple, routine, and repetitive instructions of 2-3 steps, with little change in routine or setting. Additionally, she can tolerate only brief, superficial and occasional contact with the public, and no more than frequent contact with coworkers and supervisors.

AR 40-41. Relying on VE testimony, the ALJ found Plaintiff could perform her past work as a dishwasher, called a kitchen helper in the Dictionary of Occupational Titles (DOT). AR 46. Thus, the ALJ found Plaintiff not disabled from August 20, 2021, through January 30, 2023. AR 47.

The Appeals Council denied Plaintiff's request for review on August 29, 2023 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner. The Appeals Council granted Plaintiff's request for an extension to file her complaint in federal court, giving Plaintiff thirty days from the receipt of its letter dated December 2, 2023. AR 7, 14-16, 23. Plaintiff filed a timely complaint in this court on December 28, 2023. (Docs. 1, 6).

(Doc. 15, at 1-4 (footnotes omitted)).

## IV. DISCUSSION

Claimant argued that the ALJ erred in failing to adopt the limitation to one-and-two-step tasks found by Drs. Fetter and Brandon, the state agency consultants, and instead limited claimant to "simple, routine, and repetitive" work with "2-3 steps" and "little change in routine or setting." AR 40-41. Judge Mahoney noted that the ALJ relied on "new evidence related to the claimant's mental health treatment . . . and her hearing testimony," evidence not available to the state agency consultants, in finding claimant capable of two-to-three step work. (Doc. 15, at 5-6). Judge Mahoney found, therefore, there was substantial evidence in the record as a whole for the ALJ to discount the weight afforded the state agency consultants' opinions. (*Id.*, at 6-7). Judge Mahoney found cases claimant cited easily distinguishable because they involved an ALJ giving reasons for discounting medical opinions that were unsupported by substantial evidence. (*Id.*, at 7).

The Court agrees with Judge Mahoney's view of the record. It is clear the ALJ had information unavailable to the state agency consultants at the time they formed their opinions and was justified in discounting the weight afforded to such opinions. Having also reviewed the cases claimant relied on, the Court agrees with Judge Mahoney that those cases are easily distinguishable. None involved a situation similar to the one here where the ALJ had new evidence that called into question the reliability of a prior medical opinion. In short, Judge Mahoney got it right, as did the ALJ.

## V. CONCLUSION

For these reasons, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1). The Commissioner's determination is **affirmed** and judgment will enter in favor of the Commissioner.

**IT IS SO ORDERED** this 2nd day of January, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa